Ryan L. McBride, Esq. (16218 UT)
ryan@kazlg.com
KAZEROUNI LAW GROUP, APC
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Theron D. Morrison, Esq. (10331 UT)
theron@morlg.com
MORRISON LAW GROUP
290 25th Street, Suite #102
Ogden, Utah 84401
Telephone: (801) 392-9324
Facsimile: (801) 337-2087

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **CHELSEA CUMMINS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SKO BRENNER AMERICAN, INC.,**<br><br>**Defendant.** | Case No.: 1:19-cv-00061-EJF<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692,** ***ET SEQ.***<br><br>Judge: Evelyn J. Furse<br><br>JURY TRIAL DEMANDED |

Plaintiff, CHELSEA CUMMINS ("Plaintiff"), alleges the following upon information and belief based upon personal knowledge:

## **NATURE OF THE CASE**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and often an invasion of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of defendant, SKO BRENNER AMERICAN, INC. ("Defendant"), in negligently, knowingly, and/or willfully collecting an amount not authorized by agreement or by law in violation of the FDCPA.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all of the conduct engaged in by Defendant took place in Utah.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers of Defendant.

## JURISDICTION & VENUE

8. This Court has federal question jurisdiction over this matter because this action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, which is a federal statute.

9. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this judicial district. Thus, Defendant has sufficient minimum contacts within this State and district, and otherwise purposefully avails itself of the markets in this State to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

10. Venue is proper in the United States District Court for the District of Utah, pursuant to 28 U.S.C. § 1391, for the following reasons: (1) a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district; and (2) Defendant is subject to personal jurisdiction by this Court because Defendant regularly conducts business within this judicial district.

## PARTIES

11. Plaintiff is a natural person residing in the County of Box Elder, State of Utah, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

12. At all relevant times herein, Defendant was a collection agency engaged, by use of the mails and telephone, in the business of collecting a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts from consumers, and is therefore a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" and a "debt" as those terms are defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

14. Sometime prior to November 6, 2018, Plaintiff allegedly incurred certain financial obligations to Prometheus Laboratories, Inc.

15. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

16. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

17. Plaintiff disputes the validity of Plaintiff's alleged debt.

18. Subsequently, but sometime prior to November 6, 2018, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. Several days after November 6, 2018, Plaintiff received a collection letter from Defendant addressed to Plaintiff dated November 6, 2018.

20. The November 6, 2018 letter attempted to collect $2,150.00 from Plaintiff.

21. Defendant did not send Plaintiff a written notice containing the disclosures and statements required by 15 U.S.C. §1692g within five days of the first communication in November 2018.

22. As a result of this conduct, Defendant violated 15 U.S.C. §1692g by failing to give the proper disclosures to Plaintiff.

23. Subsequently, Plaintiff received a letter attempting to collect the same debt dated December 26, 2018.

24. These were attempts by Defendant to collect on the alleged debt.

25. Pursuant to the Utah State Code 12-1-1, No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.

26. Upon information and belief, Defendant did not, at any time relevant, possess a collection agency license as required by the Utah State Code 12-1-1.

27. Defendant directly engaged in the business of collecting or receiving payment from Plaintiff in the State of Utah where Plaintiff resides.

28. By operating as a collection agency without a license from the Utah Division of Corporations and Commercial Code, Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a debt when Defendant was not legally authorized to do so.

29. By engaging, either directly or indirectly, in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness, in the State of Utah, without first obtaining a license from Utah Division of Corporations and Commercial Code, Defendant violated 15 U.S.C. § 1692e(5) by attempting to collect a debt when Defendant was not legally authorized to do so.

30. By attempting to collect the alleged debt from Plaintiff in violation of the Utah State Code 12-1-1, Defendant falsely represented the legal status of

the debt collector and used deceptive means to imply that Plaintiff was obligated to pay the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

31. By attempting to collect the alleged debt from Plaintiff in violation of the Utah State Code 12-1-1, Defendant acted in violation of 15 U.S.C. § 1692f(1) by attempting to collect a debt not permitted by law.

29. As a result of Defendant's conduct set forth above, Plaintiff suffered non-economic damages in the form of mental anguish and emotional distress, which manifested in symptoms including but not limited to frustration, anxiety, loss of sleep, embarrassment, and shame.

## COUNT I:
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.*

30. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

31. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*

32. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant Plaintiff the following relief against Defendant:

///

///

///

## COUNT I:

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C §§ 1692, *ET SEQ.***

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. an award of statutory damages up to $1,000.00, pursuant to 15 U.S.C. § 1692k;
3. an award of reasonable attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1692k(a)(3); and
4. any other such relief as this Court may deem necessary, just, and proper.

## TRIAL BY JURY

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

Respectfully Submitted,

Dated: June 21, 2019               KAZEROUNI LAW GROUP, APC

By:   */s Ryan L. McBride*
      Ryan L. McBride, Esq.
      *Attorney for Plaintiff*